UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | CASE NO. 1:13 cv2803 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Kenneth A. White filed the above-captioned mandamus action against the United States of America pursuant 28 U.S.C. § 1361. Mr. White argues the United States has a duty to vacate both the Order obligating him to pay restitution and his arrest record. For the reasons set forth below, the action is dismissed.

*Background*

Mr White alleges that on December 6, 2013 he "delivered Instrument No .7011 2000 0001 3636 7823 and Security Instrument House Joint Resolution- 192 of June 5, 1933, which operated as money in full satisfaction of the $2,447, 238.94 attachment and restitution." (Doc. No. 1 at 2.)

Although the Complaint does not reference any criminal judgment requiring he pay restitution, the Court presumes Mr. White is addressing his June 2012 jury conviction on charges contained in two consolidated indictments: making false statements in loan applications in violation of 18 U.S.C. § 1014, failing to appear in violation of 18 U.S.C. § 3146(a)(1), conspiracy to defraud the United States in violation of 18 U.S.C. § 371, three counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 1342, and bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 1342. *See United States v. White,* Nos. 1:09cr0017 /1:10cr0422 (N.D. Ohio)(Oliver, J.) In addition to imposing an aggregate sentence of 103 months in prison and five years of supervised release, Judge Oliver ordered Mr. White to pay $1,993,204 in restitution.

During the pendency of his appeal to the Sixth Circuit, Mr. White filed a *pro se* motion to compel the United States Marshals Service to duly execute the criminal judgment in each of his two criminal cases. Judge Oliver denied the motion by marginal entry, noting that the judgment of conviction had been entered on June 6, 2012. Mr. White appealed to the Sixth Circuit, seeking to have his sentence "vacated with prejudice." The Sixth Circuit denied the request and also affirmed his conviction and sentence.

The criminal dockets in both cases show Mr. White filed a Motion to Seek Release of Restitution Payment to Sovereign Bank on November 22, 2013. *See White*, Nos. 1:09cv0017 (Doc. No. 124)/1:10cv422(Doc. No. 254). Attached to the Motions were copies of a proposed "Release" signed by Mr. White, purporting that he satisfied his full restitution obligations with the payment of $300.00. On January 15, 2014, Judge Oliver denied both Motions, finding "[t]he Defendant has established no basis for the Court to hear the matters raised." *Id.* Mr. White appealed both decisions, which the Sixth Circuit affirmed January 27, 2014 . The Supreme Court denied Mr.

White's petitions for writ of certiorari on May 28, 2014.

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F.Supp. 2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims)

---

[1]The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

28 U.S.C. §1915A(b)(1)(2009).

*Writ of Mandamus*

Mandamus is an extraordinary remedy that should be utilized only in the clearest and most compelling of cases. Though it is a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion. Generally, before the writ of mandamus may properly issue three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. With regard to the last requirement, mandamus does not supersede other remedies, but only applies in the absence of other remedies. These alternative remedies must be adequate, i.e., capable of affording full relief as to the very subject matter in question. *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969), *cert. denied*, 397 U.S. 941 (1970).

It is clear Mr. White had other remedies available to him at the time he filed this action. Prior to filing this mandamus action, he filed motions in both criminal cases seeking to set aside the restitution order. Pending this Court's review of his mandamus, Judge Oliver denied both Motions for Release. Moreover, Mr. White continued to seek relief on appeal to the Sixth Circuit and the Supreme Court of the United States. The fact that he was not successful in his pursuit does not entitle Mr. White to pursue a mandamus action. More importantly, he has failed to establish a clear right to the relief he seeks or a clear duty on the part of the United States to grant his requested relief. For these reasons, Mr. White is entitled to mandamus relief.

*Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be

4

taken in good faith.[2]

    IT IS SO ORDERED.

                                                /s/ Donald C. Nugent 6/12/14
                                                DONALD C. NUGENT
                                                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."